UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00434-HBB

JACQUELINE CAROLINE LAWRENCE                                           PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
**Commissioner of Social Security**                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Jacqueline Caroline Lawrence ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14). By Order entered October 3, 2018 (DN 15), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on July 23, 2015 (Tr. 15, 172-78). Plaintiff alleged that she became disabled on June 15, 2015, as a result of carpal tunnel syndrome, bilaterally; protruding discs in the lumbar spine; cancer survivor, double mastectomy; impinged left shoulder and elbow that cannot be surgically repaired; chronic migraines; high blood pressure; ulcers; muscle spasms and pain in the cervical spine; and no lymph nodes in the left side due to mastectomy (Tr. 15, 204). Administrative Law Judge Jerry Lovitt ("ALJ") conducted a video hearing from Louisville, Kentucky on September 20, 2017 (Tr. 15, 40-42). Plaintiff was present and represented by Kirsten Brown, a non-attorney representative (Id.). Jacqueline Vega Velez testified as an impartial vocational expert during the hearing (Id.).

In a decision dated December 5, 2017 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-27). At the first step, the ALJ acknowledged evidence indicating that Plaintiff worked after the alleged disability onset date but concluded the work activity did not rise to the level of substantial gainful activity (Tr. 18). Thus, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 15, 2015, the alleged onset date (Tr. 17).

At the second step, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, left shoulder degenerative joint disease, carpal tunnel syndrome, and headaches (Tr. 18). Additionally, the ALJ determined that Plaintiff's hypertension, gastric ulcers, and depression and anxiety were non-severe impairments (Tr. 18-19).

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in

Appendix 1 (Tr. 19). The ALJ indicated that he considered whether Plaintiff met or medically equaled the criteria of any impairment listed in 1.00 and explained why he determined she did not meet or medically equal Listings 1.02, 1.04, and 1.08 (Tr. 19-20). The ALJ also explained that Plaintiff did not have any neurological deficits as described in any part of Listing 11.01, including sustained disturbance of two or more extremities (Tr. 20).

At the fourth step, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform less than a full range of light work because she was limited to frequent climbing of ramps/stairs, frequent balancing; limited to occasional stooping, kneeling, crouching, and crawling; limited to no climbing of ladders, ropes or scaffolds; limited to no unprotected heights; limited to no more than occasional exposure to vibration and extreme temperatures; limited to exposure of no more than moderate levels of noise as defined in Appendix D of the Selected Characteristics of Occupations, 1993 Edition. The ALJ also limited Plaintiff to frequent bilateral handling and fine fingering; limited to frequent reaching all directions with the left non-dominant hand; limited to no fast-pace production line or quota driven work; and Plaintiff would also be off task for no more than 10% of the workday in addition to normally scheduled breaks, and would miss no more than one day of work per month (Tr. 20). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 25).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 25-26). The ALJ found that Plaintiff can perform a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from June 15, 2015, through the date of the decision (Tr. 26).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. Tr. 170-71). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

4

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

## Arguments of the Parties

Plaintiff challenges Finding No. 5 by arguing the ALJ's RFC for light work is not supported by substantial evidence, as it is inconsistent with the opinion of the State Agency's own examining doctor and the weight of the evidence (DN 16-1 PageID # 1024, 1032-45). Plaintiff asserts that the ALJ's error is not harmless because an RFC that does not accurately describe the claimant's limitations is contrary to law. And, perhaps most critically, because the RFC and concomitant hypothetical assumption to the vocational expert in this case is not accurate. Plaintiff explains there is no vocational evidence demonstrating there are jobs she can perform despite the limitations identified by the State Agency's own examining physician (Id.[1]). Plaintiff argues remand is the only appropriate disposition of the case (Id.).

In response, Defendant contends the ALJ's RFC finding is supported with citations to substantial evidence in the administrative record (DN 19 PageID # 1053-58). Defendant asserts that substantial evidence supports the ALJ's finding that Plaintiff can perform a significant number of jobs in the national economy (Id. PageID # 1058-59).

---

1 Plaintiff explains under Sixth Circuit law when an RFC does not accurately describe all the practical effects of all the claimant's impairments, the RFC is contrary to law and the vocational testimony predicated upon the inaccurate RFC cannot, as a matter of law, be substantial evidence supporting an Administrative Law Judge's denial of benefits (DN 16-1 PageID # 1035 citing Smith v. Comm'r of Soc. Sec., 482 F.3d 873 (6th Cir. 2007); Howard v. Comm'r of Soc. Sec. 276 F.3d 235 (6th Cir. 2002)).

Discussion

The ALJ found while Plaintiff has the RFC[2] to perform the exertional requirements of light work, as defined in 20 C.F.R. § 404.1567(b), she is not able to perform a full range of light work because of certain postural, manipulative, environmental, and mental limitations (Tr. 20, Finding No. 5). Included within the exertional requirements of light work is the ability to stand and/or walk about six hours in an eight-hour workday. *See* 20 C.F.R. § 404.1568(b); SSR 83-10, 1983 WL 31251, at *5 (1983). Thus, the ALJ implicitly found that Plaintiff can stand and/or walk about six hours in an eight-hour workday.

The lynchpin of Plaintiff's challenge is the standing and walking limitation that Scott R. Hamann, M.D., expressed following a consultative examination of Plaintiff on September 8, 2015 (Tr. 16-1 PageID # 1024, 1032-45, citing Tr. 488-94). Specifically, Dr. Hamann opined that Plaintiff "can stand and walk 4 to 5 hours out of an 8-hour day" (Tr. 491). Plaintiff points out while the ALJ gave "considerable weight" to Dr. Hammond's opinion, the ALJ failed to explain why he rejected the doctor's standing and walking limitation in a way that is decipherable to a reviewing court and consistent with the evidence (Tr. 16-1 PageID # 1032-45, citing Tr. 20; 20 C.F.R. § 404.1527(c); SSR 96-2p; Wilson v. Comm'r of Soc. Sec., 378 F. 3d 541, 544 (6th Cir. 2004) (required to explain why the limitations in a medical opinion is excluded)). Additionally, Plaintiff asserts that the ALJ failed to address whether there had been a "significant reduction" in

---

2 The RFC finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546. Thus, in making the RFC finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529.

Plaintiff's ability to perform light work (DN 16-1 PageID # 1038, citing SSR 83-12). Plaintiff contends the ALJ's failure to follow these procedural requirements denotes a lack of substantial evidence (DN 16-1 PageID # 1032-45).

Interestingly, part of Plaintiff's argument relies on procedural requirements that apply only to treating source opinions. *See* SSR 96-2p, 1996 WL 374188, at*5 (1996) (A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."); Wilson, 378 F.3d at 544 (discussing the clear procedural requirements in 20 C.F.R. § 1527(d)(2)[3] that apply to the assignment of weight to treating source opinions). Dr. Hamann was an examining source, not a treating source. Thus, Plaintiff's reliance on these procedural requirements is misplaced.

Opinions from examining sources are weighed based on the examining relationship, supportability, consistency, specialization, and other factors "which tend to support or contradict the medical opinion." 20 C.F.R. § 404.1527(c)(1), (3)-(6); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). The ALJ provided an accurate summary of Dr. Hamann's findings upon examination and review of Plaintiff's medical record (Tr. 22, 489-91). After accurately summarizing the limitations in Dr. Hamann's opinion, the ALJ indicated that he gave "considerable weight to this opinion as it is largely consistent with [Plaintiff's] ability to perform light work, her fairly conservative treatment and often-stable condition with this treatment, and

---

3 Effective March 26, 2012, the numbering of the treating physician rules changed. Section 416.927(d)(2) became 416.927(c)(2), and section 404.1527(d)(2) became 404.1527(c)(2).

her reported activities of daily living" (Tr. 24). Thus, the ALJ assigned weight to Dr. Hamann's opinion based on the examining relationship, supportability, consistency, and factors that tended to support or contradict the medical opinion. Further, the ALJ provided a thorough summary of the medical treatment Plaintiff received and the basis for concluding that she received fairly conservative treatment, her condition was often-stable because of this treatment, and her activities of daily living during the relevant time frame were consistent with the RFC for light work with certain postural, manipulative, environmental, and mental limitations (Tr. 20-25, 470, 473, 490, 547, 575, 590, 591, 597, 616, 618, 623, 675, 868, 880, 940, 945, 954, 955, 956). Additionally, the ALJ explained why Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record, including her activities of daily living (Tr. 20-25, 48-49, 220, 221, 222, 223, 224, 247, 248, 249; *see* Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986); 20 C.F.R. § 404.1529(c)(3)). The Court concludes that the ALJ's findings regarding the assignment of weight to Dr. Hamann's medical opinion and Plaintiff's subjective allegations are supported by substantial evidence in the record and comport with applicable law.

Plaintiff also contends the record does not contain a medical opinion substantiating the ALJ's finding that Plaintiff can stand and/or walk about six hours in an eight-hour workday. To the contrary, the non-examining state agency physician, Dr. Back, rendered such an opinion after reviewing Dr. Hamann's opinion and other evidence in the record (Tr. 94-109). Specifically, Dr. Back opined that Plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday (Tr. 104, 107). The ALJ indicated that he gave "considerable weight" to the portion of Dr. Back's opinion that included this limitation (Tr. 24-25, Social

9

Security Ruling 96-6p, 1996 WL 374180, at *3 (July 2, 1996) (under certain circumstances the opinions of non-examining State agency medical or psychological consultants may be given greater weight than the opinions of treating or examining sources). Given the circumstances, it was appropriate for the ALJ to give greater weight to the walking/standing limitation expressed by Dr. Back.

The next part of Plaintiff's argument, which relies on SSR 83-12, is equally unavailing. When a claimant's RFC does not coincide with the definition of any one of the ranges of work defined in 20 C.F.R. § 404.1567, the Administrative Law Judge must determine the extent to which the occupational base is eroded, and this is best accomplished by consulting with the vocational expert. SSR 83-12, 1983 WL 31253, at *2 (Jan. 1, 1983). Here, the ALJ obtained vocational expert testimony to determine the extent to which the occupational base was eroded by Plaintiff's ability to perform less than a full range of light work because of certain postural, manipulative, environmental, and mental limitations (Tr. 67-71). Thus, contrary to Plaintiff's assertion, the ALJ did address whether there had been a "significant erosion of the occupational base" because of Plaintiff's RFC to perform less than a full range of light work. Further, the ALJ's findings at the fifth step are supported by substantial evidence and comport with applicable law.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:    Counsel